Becker v. State






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
ROSA SERRANO and                                        ) 
JULIAN SERRANO,                                          )                  No. 08-04-00180-CV
)
                                    Appellants,                       )                             Appeal from
)
v.                                                                          )                  34th District Court
)
UNION PLANTER’S BANK, N.A., ITS           )                  of El Paso County, Texas
SUCCESSORS AND ASSIGNS AS                  )
SERVICING AGENT, FIRST PRESTONS       )                  (TC# 2004-552)
MORTGAGE CORPORATION,                        )
FIRST AMERICAN TITLE INSURANCE        )
COMPANY, PATRICK FHOLER, and              )
BEVERLY MITRISIN, SUBSTITUTE              )
TRUSTEE,                                                          )
)
                                    Appellees.                        )

O P I N I O N

            Rosa and Julian Serrano attempt to appeal an order granting a motion to abate filed by
Appellee, First Prestons Mortgage Corporation. The Serranos have filed a motion to allow
interlocutory appeal of this order. We deny the motion and dismiss the appeal for want of
jurisdiction.
ABATEMENT ORDER
            The trial court granted First Preston’s motion and abated the proceedings in the trial court
pending issuance of an opinion and judgment in a related case submitted on January 27, 2004, Julian
Serrano and Rosa Serrano v. Union Planter’s Bank, N.A. and Beverly Mitrisin, Trustee, cause
number 08-03-00101-CV. After the Serranos filed a notice of appeal seeking to appeal a “motion
abate,” the Clerk’s Office notified the parties that it appeared the Court did not have jurisdiction due
to the absence of an appealable order. The Serranos responded with a motion to allow interlocutory
appeal of the abatement order and First Prestons filed a written response objecting to an interlocutory
appeal.
            An order granting a motion to abate is not identified in Section 51.014(a) as one of the
interlocutory orders which may be appealed. See Tex.Civ.Prac.&Rem.Code Ann. § 51.014(a)(1)-(10)(Vernon Supp. 2004-05). Pursuant to Section 51.014(d), a district court may issue a written
order for interlocutory appeal in a civil action not otherwise appealable under Section 51.014 if the
parties agree that the order involves a controlling question of law, an immediate appeal may
materially advance the ultimate termination of the litigation, and the parties agree to the order. See
Tex.Civ.Prac.&Rem.Code Ann. § 51.014(d). The trial court has not issued an order permitting
an interlocutory appeal. Further, Section 51.014(d) does not authorize an appellate court to permit
an interlocutory appeal. Accordingly, the Serranos’ motion to permit interlocutory appeal of the
abatement order is denied. In the absence of an appealable order, we lack jurisdiction of this appeal. 
Therefore, the appeal is dismissed.


September 30, 2004                                                     
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Panel No. 1
Larsen, McClure, and Chew, JJ.